## Valerian Simpkus, Appellee, v. Superior Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Valerian Simpkus, plaintiff, against the Superior Coal Company, defendant, to recover damages for personal injuries sustained by plaintiff while employed at defendant's coal mine. From a judgment for plaintiff for $5,250, defendant appeals.

EDWARD C. KNOTTS, for appellant.

TRUMAN A. SNELL, W. A. RUEGG and A. M. FITZGERALD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 399*—*when question does not embody facts to be found by jury.* A question asked of an expert witness that "supposing a man," etc., describing the conditions shown by the evidence

gave a history of inability to copulate, what would he say as to such inability being from the injuries found, *held* not objectionable as embodying the facts to be found by the jury, although suggestive and leading and objectionable on such latter ground.

2. APPEAL AND ERROR, § 1506*—*when improper answer on cross-examination is not reversible error.* Where part of the answer to a question on cross-examination by defendant was uncalled for, *held*, on a motion by defendant's counsel to exclude the evidence, that there was no reversible error when the uncalled for part was read in connection with the preceding evidence of the witness.

3. DAMAGES, § 238*—*what objection cannot be first raised on appeal.* An objection that certain hospital expenses, in an action to recover damages for personal injuries, were unnecessary cannot be raised for the first time on appeal.

4. DAMAGES, § 110*—*when verdict for permanent personal injuries is not excessive.* A verdict for $5,250 *held* not excessive, where there was no contention plaintiff was not seriously injured, that he suffered much pain, and was still more or less of a cripple, and even defendant's experts did not testify he was not permanently injured.